**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 18, 2022

LETTER TO COUNSEL

  RE: *Shecona W. v. Kilolo Kijakazi, Acting Comm'r, Soc. Sec. Admin.*
     Civil No. SAG-21-0819

Dear Counsel:

  On March 31, 2021, Plaintiff Shecona W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny her claim for Supplemental Security Income ("SSI") benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 15, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

## I. BACKGROUND

  Plaintiff filed an application for SSI benefits under Title XVI of the Social Security Act (the "Act") on May 22, 2018, alleging a disability onset of February 1, 2016. Tr. 189–92. Plaintiff's claim was denied initially and on reconsideration. Tr. 89–92, 98–100. On April 16, 2020, an Administrative Law Judge ("ALJ") held a hearing, which Plaintiff, Plaintiff's attorney representative, a vocational expert ("VE"), and the ALJ attended telephonically. Tr. 31–62. Following the hearing, on July 6, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 14–30. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

  The ALJ employed the five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 22, 2018, the date on which Plaintiff filed her SSI application. Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, asthma, diabetes, hypertension, bipolar disorder, depressive disorder, anxiety, nicotine use disorder, and substance abuse." Tr. 19. The ALJ also found Plaintiff's gastroesophageal reflux disease (GERD), left leg cellulitis, and/or pancreatitis "not 'severe' impairments as defined in the regulations." Tr. 19. At step three, the ALJ determined that Plaintiff

did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Tr. 20.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders and scaffolds and occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch, crawl, and balance. She cannot tolerate concentrated exposure to dust, odors, fumes, or pulmonary irritants and occasional exposure to weather, extreme cold or heat, humidity, and wetness. She is limited to performing unskilled work involving routine tasks, but can apply commonsense understanding to carry out detailed but uninvolved instructions. She cannot perform work at a production-rate pace, as in an assembly line, where each job task must be completed within strict time periods. She can occasionally interact with supervisors, coworkers, and the public. She is limited to low stress work defined as requiring simple work-related decisions with only occasional changes in a routine work setting.

Tr. 21.  The ALJ determined that Plaintiff was unable to perform past relevant work as a "Day Care Worker (DOT [Dictionary of Occupational Titles] #359.677-018; light; semiskilled; SVP-4)," Tr. 24, but could perform other jobs that existed in significant numbers in the national economy, Tr. 25.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 26.

## II.   LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.  *Britt v. Saul*, 860 F.Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)).  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)).  "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'"  *Id.* (quoting *Craig*, 76 F.3d at 589).

## III.   ANALYSIS

I agree with Plaintiff that the ALJ's failure to develop the record warrants remand.  Plaintiff avers that "the ALJ failed to develop the record when he did not contact Plaintiff's medical providers to evaluate her physical and mental impairments."  Pl.'s Br. 15, ECF No. 15-1.  Plaintiff contends that such error is reversible because it runs afoul of Fourth Circuit case law and the Agency's own regulations.  *Id.* (citing *Cook v. Heckler*, 783 F.2d 1168, 1173–74 (4th Cir. 1986) ("This Circuit has long recognized that the administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel."); 20 C.F.R. §§ 416.912(b)(2), 416.920b(2)).

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Soc. Sec. Admin.*
Civil No. SAG-21-0819
July 18, 2022
Page 3

Courts in the Fourth Circuit have found reversible error when an ALJ fails to develop the medical record fully and fairly, such that doubt is cast on whether the ALJ's decision is informed. *See*, *e.g.*, *Huddleston v. Astrue*, 826 F.Supp. 942 (S.D.W.V. Nov. 23, 2011) (remanding for the ALJ's failure to inquire into the existence of relevant supplemental records and consultative examinations). "Although a claimant has the ultimate responsibility to prove disability, . . . an ALJ has a concurrent duty to ensure that the record is adequately developed to provide a sound basis for the disability determination and to 'facilitate judicial review.'" *Id.* at 958 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987); *Cook*, 783 F.2d at 1172). "This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Id.* (quoting *Cook*, 783 F.2d at 1173) (citations omitted). "When the record 'reveals evidentiary gaps which result in unfairness or "clear prejudice,"' remand is necessary." *Id.* (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.1995) (citation omitted). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* (quoting *Ripley v. Chater*, 67 F.3d 552, 557 n. 22 (5th Cir.1995)).

The record evidences that Plaintiff has received little mental health treatment. In fact, the non-examining State agency physicians, D. Walcutt, Ph.D. (Tr. 70–72), Bert Spetzler, M.D. (Tr. 82–85), and Howard S. Leizer, Ph.D. (Tr. 85–86), each opined that the sparse health record constituted "insufficient evidence" upon which a disability determination could be made. The ALJ obtained some additional, though limited, recent mental health evidence after the hearing, in the form of treatment records reflecting that Plaintiff's concentration/insight/judgment is "poor." Tr. 1228–29. The ALJ, however, took no action to develop the record after receiving those records, such as contacting the treating source for additional information or ordering a consultative examination to corroborate or undermine those findings. In fact, the ALJ did not even reference those "poor" findings while assessing Plaintiff's ability to complete or sustain tasks, instead simply relying on the very limited information available pre-hearing.

This record places this Court in a similar position as the court in *Huddleston*:

> The Court has no way of knowing whether the supplemental records, consultative examination, and medical source statement of Claimant's capabilities and restrictions would have changed the ALJ's decision. However, the Court concludes that this evidence, had it been obtained, reasonably may have led to a different decision. Accordingly, Claimant was prejudiced by the ALJ's failure to develop the record as instructed by the Appeals Council and in keeping with the Social Security regulations.

*Huddleston*, 826 F.Supp. at 959. As such, Plaintiff here is prejudiced by the ALJ's failure to fully develop the record and remand is appropriate.

Defendant argues that Plaintiff failed to attend previous consultative exams, which negates the ALJ's duty to request additional exams. This, however, does not justify the ALJ's failure to

to "make every reasonable effort to obtain a medical source statement" regarding her limitations and develop the record, particularly when more expert opinion evidence from mental health providers would be necessary to demonstrate to this Court that the ALJ's determination is supported by substantial evidence. "[I]f the information needed to make a determination is not readily available from treating source records, and a clarification cannot be obtained, the ALJ is obligated to obtain a consultative exam." *Huddleston*, 826 F.Supp. at 959 (citing 20 C.F.R. § 416.912(f)). "Because of the Commissioner's duty to develop the medical record fully and fairly, 'it is reversible error for an ALJ not to order a consultative examination when such evaluation is necessary for him to make an informed decision.'" *Id.* (citing *Pelt v. Barnhart*, 355 F.Supp.2d 1288, 1290–91 (N.D. Ala. 2005) (quoting *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir.1988))); s*ee also Hoy v. Colvin*, No. 5:12cv70, 2013 WL 4010647, at *4 (W.D. Va. Aug. 5, 2013) ("A consultative examination is warranted when there is an inconsistency in the evidence or 'when the evidence as a whole is insufficient to allow us to make a determination or decision' on a claim.") (citing 20 C.F.R. § 416.919(a)); *Williams v. Colvin*, No. 2:13cv703, 2014 WL 3828224 (E.D. Va. Aug. 4, 2014) (remanding for the ALJ's failure to order a consultative examination to determine the plaintiff's medically determinable reading disorder). Accordingly, the ALJ erred in failing to fully and fairly develop the record as to Plaintiff's mental limitations, warranting remand.

On a final note, the ALJ should also revisit Plaintiff's medication noncompliance, as the ALJ appears to understate the hurdle that Plaintiff's medication noncompliance poses to her ability to mitigate the effects of her mental impairments. The ALJ stated:

> Her condition appears to improve with medication (i.e. 5F/8-9). To illustrate, she was admitted to the hospital in August 2018 with symptoms of irritability, decreased sleep, violence towards her partner, hallucinations, and illogical speech after being off her medication for at least two months (5F/7-9). Her mood became brighter, her sleep improved, and the auditory hallucinations became quieter when medications were restarted (5F/9). Despite the noncompliance, the claimant often has normal psychiatric examination findings (i.e. 8F/6, 9; 12F/12; 13F/48).

Tr. 23. This Court has found that "[t]he cyclical relationship between medication compliance and functioning may be particularly problematic for a claimant such as Plaintiff, who the ALJ found was moderately limited in concentration, persistence, or pace." *Latonya W. v. Kijakazi*, Civil No. SAG-20-1413, 2021 WL 4170428, at *4 (D. Md. Sept. 14, 2021). This "undermine[s] [the ALJ's] implication that Plaintiff is capable of working so long as she takes her medications." *Id.*

An ALJ should carefully consider other information about a claimant's condition, such as whether medication is effective at managing a claimant's symptoms. *See Latonya W.*, 2021 WL 4170428, at * 3 (citing 20 C.F.R. § 416.929(c)(3)). "It is also true that a claimant's lack of compliance with medication can be an acceptable basis for finding a claimant not disabled." *Id.* (citing 20 C.F.R. § 416.930(b) ("[i]f you do not follow the prescribed treatment without good reason, we will not find you disabled"); *Dunn v. Colvin*, 607 F.App'x 264, 275-76 (4th Cir. 2014) (finding an ALJ properly considered a claimant's medication noncompliance in her credibility determination because the claimant reported fear of weight gain and inability to pay, without

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Soc. Sec. Admin.*
Civil No. SAG-21-0819
July 18, 2022
Page 5

pursuit of purchasing assistance, caused her noncompliance)). "However, a claimant must be afforded an opportunity to provide 'good reason,' and that process may properly lend insight into the claimant's credibility." *Id.* (quoting SSR 96-7p, 1996 WL 374186 (July 2, 1996)); *see also* SSR 82-59, 1982 WL 31384, at *3–4 (1982). Here, just as the Court found in *Latonya W.*, "[t]he ALJ's analysis fails to elucidate his conclusions with respect to Plaintiff's ability to comply with her medication regiment or her possible 'good reasons' for failing to take her medication." 2021 WL 4170428, at * 3. Accordingly, the ALJ should reconsider the nature and effect of Plaintiff's medication noncompliance on remand.

Because this case is being remanded on other grounds, I need not address Plaintiff's remaining arguments. On remand, the ALJ can, and should, consider these arguments and make any required adjustments to the opinion. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 20, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                                Sincerely yours,

                                                /s/
                                              Stephanie A. Gallagher
                                              United States District Judge