UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
MDD_SAGChambers@mdd.uscourts.gov

January 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-819-SAG

Dear Counsel:

　　Plaintiff Shecona W. filed a motion seeking payment of $5,894.78 in attorney's fees and $17.58 in costs pursuant to the Equal Access to Justice Act ("EAJA"). ECF 24, at 1. The Commissioner opposes the request for attorney's fees and argues that the Court should "omit 4.5 hours of purely clerical work performed by paralegals; 0.9 hours of attorney work as clerical or non-compensable reviews of routine, boilerplate notices; and approximately [5] attorney hours of the time spent excessively on detailed recitation of the record, and duplicative work resulting from transitioning work between numerous attorneys." ECF 26, at 7. Plaintiff filed a reply that included an increase of the requested fee award to $6,627.74, which accounts for "additional time [preparing] the reply[.]" ECF 27, at 6. I have considered the relevant filings and find that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $4,941.85 in fees and $17.58 in costs.

　　Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

　　Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-819-SAG
January 17, 2023 Letter Opinion on EAJA Fee Request
Page 2

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 26, at 1. The Commissioner agrees with Plaintiff's proposed hourly rates of $214.29 per hour for attorney work performed in 2021, $229.05 for attorney work performed in 2022, and $100 for paralegal work performed in either year.[1] *Id.* at 7, n.1. The Commissioner also does not dispute that Plaintiff is entitled to the recovery of a $17.58 in expenses. *Id.* The Commissioner contends, however, that Plaintiff overbilled for various tasks and seeks compensation for tasks of a clerical nature that are not compensable as attorney's fees. *Id.* at 7. The Commissioner also notes that the requested fee "exceeds the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3. I will address the Commissioner's objections below.

The Commissioner first argues that 11.7 attorney hours billed on January 5, 2022, and January 6, 2022, was excessive because the bulk of this time was spent merely reciting "medical evidence and opinion evidence." ECF 26, at 4. Plaintiff's memorandum of law in support of a motion for summary judgment does include multiple pages summarizing the medical records. ECF 15-1, at 2–9. It is well known in this district that a "detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication." *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014). This section of Plaintiff's memorandum amounts to an index of Plaintiff's medical conditions, a largely clerical task that courts have declined to find compensable under the EAJA. *See Hooper v. Saul*, No. 3:20-CV00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). I appreciate that Plaintiff does not literally seek compensation for drafting the "procedural section" and the "facts." *See* ECF 24-3, at 3. Regardless, Plaintiff still seeks many hours of compensation to "review" the record and "take notes and organize facts." *Id.* I see little distinction between compensation for the *organization* of this information and the *drafting* of a section containing the same information. *See Catisha W. v. Kijakazi*, No. CV 21-1567-BAH, 2022 WL 16839564, at *3 (D. Md. Nov. 9, 2022). At minimum, Plaintiff has failed to explain what portion of these hours are devoted to what specific tasks. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."). As such, the Court agrees that a reduction is warranted on this ground.

The Commissioner suggests a reduction of 5 attorney hours to account for time unnecessarily spent compiling medical records for inclusion in Plaintiff's motion for summary judgment. ECF 26, at 7. As submitted, the timesheet reflects 16.8 attorney hours spent drafting, reviewing, and revising Plaintiff's dispositive motion. *See supra*, n.2. This represents more hours than usual for the preparation of a dispositive motion in a case of this kind. *See, e.g.*, *Dunlap v. Kijakazi*, Civil No. JMC-20-2214 (Nov. 4, 2021) (noting 5 hours to draft dispositive motion);

---

[1] Plaintiff provides an explanation of these proposed rates in Exhibit A to Plaintiff's Motion for Attorney's Fees. *See* ECF 24-2, at 1–4.

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-819-SAG
January 17, 2023 Letter Opinion on EAJA Fee Request
Page 3

*Gaylord v. Kijakazi*, No. 20-784-JMC (Nov. 4, 2021) (10 hours). While I agree that a reduction is warranted, I decline to adopt the Commissioner's proposed reduction of 5 attorney hours. Instead, I will reduce the requested compensation by 4 hours.

Defendant next contends that Plaintiff improperly employed multiple attorneys to revise a motion and unnecessarily utilized a different attorney to draft a reply. ECF 26, at 4–5. The Court agrees that "the Commissioner should not have to pay for two separate experienced attorneys to review the dispositive motion before filing." *Sheridan v. Colvin*, No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015). However, the Court will credit the representation by Plaintiff that the use of an additional attorney was necessitated by a change in staffing at Plaintiff's counsel's law firm. ECF 27, at 4. Further, the mere involvement of multiple attorneys on a case does not automatically bar payment for the work they all performed. *Sykes v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017) ("Although three attorneys worked on Plaintiff's behalf, the hours they expended to review the case record, draft Plaintiff's dispositive motion, and revise Plaintiff's motion, were neither unreasonable nor duplicative."). I have reviewed Plaintiff's billing records and do not find that work was unnecessarily duplicated in this specific case. Therefore, I decline to reduce Plaintiff's request on this ground.

Defendant challenges payment for "numerous non-compensable and clerical time entries." ECF 26, at 5-6.[2] It is well known that "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all.").

Plaintiff's timesheet includes a few tasks that can only be described as clerical. Many of these Plaintiff correctly omits from the final fee calculation. However, other such entries remain in the final tally, including a bill for the "review" of a routine, two-paragraph court order on May 14, 2021, and another "review" on July 13, 2021, of a motion drafted and filed by Defendant, the details of which were obviously known to Plaintiff's counsel since the motion was filed with

---

[2] The Commissioner alleges that Plaintiff improperly billed the following specific clerical and non-compensable tasks: "0.6 for hours receiving, reviewing and processing the initial files from referral source, 0.4 hours for a conversation with the client regarding federal debt check and explaining EAJA, 0.6 hours discussing *in forma pauperis* filing with the client, 0.6 hours preparing representative documents for the client, . . . 0.3 hours reviewing those returned documents, and 0.3 hours for a conversation with the client regarding the remand process." ECF 26, at 5. The Commissioner also challenges 1.2 hours to "Combine, OCR and live bookmark federal court transcript," and 0.3 hours for "Federal Court-Remand Referral back to Referral Source." *Id.*

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-819-SAG
January 17, 2023 Letter Opinion on EAJA Fee Request
Page 4

Plaintiff's consent. ECF 24-3, at 2-3. These types of activities should "take mere seconds, not six minutes . . . ." *See Allyssa L. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-20-329, 2022 WL 171546, at *1 (D. Md. Jan. 14, 2022). The only practice permitted by the EAJA - and one this Court has repeatedly told Plaintiff's counsel's law firm it must adhere to[3] - is to omit such routine clerical acts from requested compensation. *See Bishop v. Colvin*, No. CIV. RDB-13-519, 2014 WL 2093950, at *2 (D. Md. May 19, 2014); *see also* Sykes, 2017 WL 1956852, at *2 ("Given that those entries are either boilerplate documents filed in every Social Security appeal or paperless orders which take, at most, mere seconds to read, billing in six minute increments for nine of those tasks is not reasonable."); *Apr. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *2 (D. Md. Sept. 2, 2022) ("While the Court understands that Plaintiff's counsel's billing software likely makes it impossible to bill in increments shorter than '0.1 hours,' the better practice, if not the only practice permitted by the EAJA, is to omit such routine clerical acts from requested compensation."). I will reduce the requested fees by 0.2 attorney hours in 2021.

Plaintiff also seeks payment for the March 7, 2022, review of "a motion for extension of time," filed by Defendant with Plaintiff's consent[4] on March 4, 2022, and granted by the Court that very same day. *See* ECF 18, 19. The Court declines to authorize payment for 6 minutes of attorney time spent reviewing a short consent motion several days *after* the motion was granted. And as United States Magistrate Judge Brendan A. Hurson noted in *Catisha W.*, the meaning of "Federal Court-Remand Referral back to Referral Source,'" ECF 24-3, at 4, is unclear. I therefore decline to authorize payment for 0.3 paralegal hours for this task. 2022 WL 16839564, at *2.

As Judge Hurson has previously ruled, I also will not block compensation for the billing of time for the "reviewing and processing [of] the initial files," "[c]ombin[ing], OCR and live bookmark [of] federal court transcript," or for certain conversations between Plaintiff and counsel. *Apr. J.*, 2022 WL 4017381, at *4. "Although scanning and bookmarking a transcript is clerical work, . . . courts have found such work compensable as paralegal time." *Sykes*, 2017 WL 1956852, at *2 (collecting cases). However, the Court may reconsider this position in the future if disputes related to compensation for these types of tasks continue to be an issue.

With the above-noted reductions of 4 attorney hours in 2021 ($857.16) for unnecessary medical information, 0.2 attorney hours in 2021 for clerical work ($42.86), 0.1 attorney hours in 2022 for clerical work ($22.91), and .3 paralegal hours ($30), the Court notes a total final reduction in Plaintiff's requested EAJA award of $952.93. The result is a final award of $4,941.85 ($5,894.78 – $952.93). I decline to award additional compensation for time spent responding to the Commissioner's opposition, as the reply was of limited utility and did not appear to have taken

---

[3] Plaintiff's counsel's law firm has been previously rebuked for seeking reimbursement for the review of routine Court orders. *See Apr. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *2 (D. Md. Sept. 2, 2022); *Allyssa L.*, 2022 WL 171546, at *2.

[4] Indeed, Plaintiff seeks recovery for "0.1" hours on March 4, 2021, for communicating with Defendant about the request for the extension. ECF 24-3, at 4. Defendant does not challenge this portion of Plaintiff's request.

*Shecona W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-819-SAG
January 17, 2023 Letter Opinion on EAJA Fee Request
Page 5

the time billed for its completion.  I will award the requested $17.58 in expenses.

Plaintiff's counsel's law firm is again advised that its EAJA petitions, even with the modest reductions described herein, still fall "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture."  See *Duane H.*, 2022 WL 2532425, at *2 (citing *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (awarding $4,538.22 on June 6, 2022); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (awarding $2,136.03 on May 16, 2022); Gregory J. v. Comm'r, Soc. Sec. Admin., No. JMC-21-236 (awarding $2,246.14 on May 18, 2022); *Tracy B. v. Comm'r*, Soc. Sec. Admin., No. BAH-22-183 (awarding $1,500.00 on June 1, 2022); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (awarding $4,700.00 on June 1, 2022); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (awarding $4,093.70 on June 23, 2022); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (awarding $4,526.92 on June 23, 2022); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (awarding $2,718.68 on June 27, 2022); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (awarding $2,168.16 on June 27, 2022); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (awarding $4,325.65 on June 22, 2022); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (awarding $4,242.32 on June 23, 2022); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (awarding $4,460.20 on June 22, 2022)).

The Court agrees with Judge Hurson that disputes over EAJA petitions between Plaintiff's counsel's law firm and Defendant are too common.  *Catisha W.*, 2022 WL 16839564, at *3.  As such, I also direct that counsel confer *before* the filing of future EAJA petitions in an effort to minimize time spent litigating the issue.  If a dispute arises over payment, Plaintiff's counsel must affirm in its motion seeking fees that it has consulted with counsel for Defendant and should explain, in detail, what disputes remain between the parties.

For these reasons, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART and Plaintiff will be awarded $4,941.85 in fees and $17.58 in costs.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge